IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | Chapter 11 |
| CHESAPEAKE ENERGY CORPORATION § | | |
| et al,[1] § | | CASE NO. 20-33233 (DRJ) |
| DEBTORS § | | (Jointly Administered) |

**MOTION OF AARIE JOHNSON, INDIVIDUALLY AND AS SURVIVING WIDOW OF ANTORIAN JOHNSON, DEARRUS JOHNSON, INDIVIDUALLY AND AS SURVIVING CHILD OF ANTORIAN JOHNSON FOR RELIEF FROM THE AUTOMATIC STAY TO CONTINUE PENDING LOUISIANA DISTRICT COURT LITIGATION**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON JANUARY 15, 2021 AT 2:00 P.M. IN COURTROOM 400, 4TH FLOOR, 515 RUSK, HOUSTON, TX 77002. PURSUANT TO THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR BY VIDEO AND TELEPHONE.**

**The Courts dial in number is 832-917-1510, Conference Room 205691. Video participation will be through the link Gotomeet.me/JudgeJones**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

Motion for Relief from Stay by the Johnson Parties
Chesapeake Energy Corporation, *et al.*, Debtors; Jointly Administered Under Case No. 20-33233
Page 1 of 5

**TO THE HONORABLE DAVID R. JONES,**
**U.S. BANKRUPTCY JUDGE:**

Aarie Johnson, Individually and as surviving widow of Antorian Johnson, Dearrus Johnson, individually and as surviving child of Antorian Johnson (the "Johnson Parties"), creditors and party-in-interest in the above referenced bankruptcy, hereby files this motion for relief from stay (the "Motion") to continue a wrongful death action styled *Arrie Johnson, Individually and as Surviving Widow of Antorian Johnson, Dearrus Johnson, Individually and as Surviving Child of Antorian Johnson, and Delarius Beene, Individually and as Surviving Child of Antorian Johnson v. Covey Park Energy, LLC, Covey Park Gas, LLC, Covey Park Resources, LLC, Covey Park Employment Management Services, LLC, Comstock Resources, Inc., Comstock Oil & Gas-Louisiana, LLC, Chesapeake Operating, LLC, Chesapeake Louisiana, L.P., Chesapeake Energy Corporation, Chesapeake Energy Louisiana Corporation, Red River Louisiana I GP, LLC, and Red River Louisiana I, LP*, pending in the US District Court for the 39th Judicial Western District of the Parish of Red River, Louisiana, Shreveport Division, Civil Action No. 5:19-CV-01345, Case No. 37539 ("Pre-Petition Litigation") and to collect from the proceeds of any available insurance policies on any judgment rendered. In support of the Motion, the Johnson Parties state as follows:

## FACTS

1.      The Pre-Petition Litigation is a wrongful death action pending in the US District Court, Western District of Louisiana, Shreveport Division. The Johnson Parties allege that Chesapeake constructed a sloped road (the "Sloped Road") that led to the holding tank at Glass Well 33.

2.      On or about February 7, 2019, Antorian Johnson (a night shift truck driver) was asked to transfer production water from a holding tank to the Glass Well 33 using the Sloped Road. As Mr. Johnson ascended the Sloped Road, his semi trailer began to lose traction with the road surface. He attempted to stop the semi trailer but his brakes, which were in good working order, failed to stop the vehicle. It began to skid down and when the rear wheels traveled over the edge of the Sloped Road, the vehicle flipped into the ravine along the side. While trapped in the cab, Mr. Johnson died from compression asphyxia. Plaintiffs allege that the Sloped Road

Motion for Relief from Stay by the Johnson Parties
Chesapeake Energy Corporation, *et al.*, Debtors; Jointly Administered Under Case No. 20-33233
Page 2 of 5

was defective and unreasonably dangerous and Mr. Johnson would not have skid down and flopped over the edge had it been property constructed and maintained. The Pre-Petition Litigation was brought to pursue damages resulting from Mr. Johnson's death.

### RELIEF REQUESTED

3. By this Motion, the Johnson Parties respectfully requests that the Court enter an Order lifting the automatic stay to allow them to pursue the Pre-Petition Litigation to final judgment, including any appeals.

### ARGUMENT

4. Section 362(d)(1) provides that relief from the automatic stay may be granted for "cause." In determining whether cause exists to lift the stay to allow a creditor to proceed with litigation in another forum, courts have considered the following three factors:

   a. whether any great prejudice to either the debtor or its estate will result from continuation of the civil suit;

   b. whether the hardship to the creditor by maintenance of the stay considerably outweighs the hardship of the debtor; and

   c. the creditor has a probability of prevailing on the merits.

*See In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991), *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

5. First, no great prejudice to the Debtors or their estates will result if the stay is lifted because Debtors had liability insurance coverage in place at the time of the incident. The Debtors' insurance carrier may assume financial liability for litigation costs and any payouts. "Where it is undisputed that insurance coverage is substantial, an action to recover insurance proceeds may not cause great prejudice to the estate." *Fernstrom Storage*, 100 B.R. at 1023-24.

6. Second, because of its insurance coverage, the Debtors will not suffer great hardship if the stay is lifted. On the other hand, the Johnson Parties will suffer great hardship if the stay is not lifted. They have already suffered significant financial, physical and mental harm as a result of the Debtors' alleged negligence. In addition, the Johnson Parties are individuals

Motion for Relief from Stay by the Johnson Parties
Chesapeake Energy Corporation, *et al.*, Debtors; Jointly Administered Under Case No. 20-33233
Page 3 of 5

with modest means compared to the Debtors. The balance of hardships weighs heavily in favor of the Johnson Parties.

7.  In regards to the third factor, only a minimal showing of likelihood of success on the merits is required. *See Rexene Prods.*, 141 B.R. at 578. Prior to Debtors' filing their Chapter 11 cases, parties engaged in discovery proceedings and multiple people witnessed the incident that are willing to credibly testify as to the alleged negligence of the Debtors. Further, the Johnson Parties damages resulted from the Debtors' negligence.

8.  Accordingly, the Johnson Parties respectfully request that this Court modify the automatic stay and allow the Pre-Petition Litigation to proceed.

## CONCLUSION

9.  For the reasons set forth above, the Johnson Parties respectfully request that the Court issue an order lifting the automatic stay to allow the Johnson Parties to pursue the Pre-Petition Litigation to final judgment, including any appeals, and to collect from the proceeds of any available insurance policies on any judgment rendered; and granting the Johnson Parties such other and further relief as is just and proper.

Respectfully Submitted

By: /s/ *John Akard Jr.*
**JOHN AKARD, JR.**
State Bar No. 00790212
**COPLEN & BANKS, P.C.**
11111 McCracken, Suite A
Cypress, TX 77429
Telephone: 832-237-8600
Telecopier: 832-237-2088
**ATTORNEYS FOR AARIE JOHNSON, INDIVIDUALLY AND AS SURVIVING WIDOW OF ANTORIAN JOHNSON, DEARRUS JOHNSON, INDIVIDUALLY AND AS SURVIVING CHILD OF ANTORIAN JOHNSON**

Motion for Relief from Stay by the Johnson Parties
Chesapeake Energy Corporation, *et al.*, Debtors; Jointly Administered Under Case No. 20-33233
Page 4 of 5

## CERTIFICATE OF CONFERENCE

The undersigned counsel for the Johnson Parties has exchanged numerous emails with Debtor's counsel and has left voice messages for Debtor's counsel.  In late October, a draft Stipulation was circulated on which the undersigned provided comments.  In early November, Debtor's counsel indicated she would circulate an updated draft after confirming insurance information.  Despite following up since, Debtor's counsel has not provided an updated draft of the Stipulation.  Accordingly, it was necessary to file this Motion for Relief from Stay.

By: /s/ *John Akard Jr.*
**JOHN AKARD, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Relief from Stay by the Johnson Parties has been served by ECF upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtors, counsel of record for the Official Committee of Unsecured Creditors, and all parties requesting notice on December 18, 2020.

By: /s/ *John Akard Jr.*
**JOHN AKARD, JR.**

Motion for Relief from Stay by the Johnson Parties
Chesapeake Energy Corporation, *et al.*, Debtors; Jointly Administered Under Case No. 20-33233
Page 5 of 5